Roy E. HENDERSON, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Bryan Broadcasting License Subsidiary, Licensee of KTSR, College Station, Texas, Intervenor.

No. 98–1372.
Nos. 98–1385, 00–1488 & 00–1489.

United States Court of Appeals, District of Columbia Circuit.

May 21, 2001.

Before EDWARDS, Chief Judge, HENDERSON and RANDOLPH, Circuit Judges.

*JUDGMENT*

These causes came to be heard on the record on appeal and petitions for review of an order of the Federal Communications Commission, and were considered on

the briefs of the parties. *See* D.C. Cɪʀ. R. 34(j). The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C. Cɪʀ. R. 36(b). It is

■ ORDERED AND ADJUDGED by the Court that the Commission be affirmed and the petitions for review be denied. The Commission reasonably rejected appellant's proposed upgrade of his FM radio channel in Caldwell, Texas. The Commission requires an applicant to locate its transmitter to provide adequate signal coverage "over the entire principal community to be served." 47 C.F.R. § 73.315(a). Appellant's transmitter site was 32.7 kilometers from Caldwell, the principal community of service. *See In re Amendment of Section 73.202(b), Table of Allotments, FM Broadcast Stations (Caldwell, College Station and Gause, Texas),* 13 F.C.C.R. 13,-772, 13,774–75 (1998). The class of transmitter appellant requested would provide adequate signal coverage over a 32.6 kilometer radius, which, as the Commission held, would not cover "any portion of Caldwell." *In re Amendment of Section 73.202(b), Table of Allotments, FM Broadcast Stations (Caldwell, College Station and Gause, Texas),* 15 F.C.C.R. 3322, 3324 (2000). The Commission calculated the signal radius using its traditional signal propagation methodology. Appellant failed to establish that this propagation methodology is arbitrary or that he satisfied the prerequisites for use of alternative signal propagation methodologies. As such, the Commission reasonably concluded that appellant's proposal provided zero signal coverage to the principal community of service, and we need not reach appellant's argument that any noncompliance was *de minimis.*

■ The Commission also reasonably rejected appellant's counterproposal for a channel allotment in Gause, Texas. The Commission provided two grounds for its decision: 1) Henderson's pleadings before the Commission indicated an intent to abandon the counterproposal; and 2) the counterproposal "could not be favorably considered" in any event because it would have "removed the only FM allotment from Caldwell, a community of 3,181 persons, to Gause, an unincorporated community of approximately 500 persons." *See* 13 F.C.C.R. at 13,779–80. Appellant challenges only the first ground. His only reference to the second ground of decision is the argument that the Commission overestimated the population of Caldwell by a factor of eight in earlier proceedings. The Commission's 1995 Report and Order contained the factual error Henderson alleges, *see In re Amendment of Section 73.202(b), Table of Allotments, FM Broadcast Stations (Caldwell, College Station and Gause, Texas),* 10 F.C.C.R. 7285, 7285 n. 5 (1995), but the Commission corrected the error and employed the correct population information in rejecting the counterproposal in its final order. *See* 13 F.C.C.R. at 13,779–80. We do not interpret appellant's assertion of a factual error that the Commission corrected before making its final determination as a challenge to the Commission's conclusion that the Gause counterproposal "could not be favorably considered." *See Washington Legal Clinic for the Homeless v. Barry,* 107 F.3d 32, 39 (D.C.Cir.1997) (declining to address an argument raised in "cursory fashion" and supported only by "bare-bones arguments"); *The Power Co. of America v. FERC,* 245 F.3d 839, 845 (D.C.Cir.2001) ("It is not the court's role to fill in the blanks in counsel's argument."). The Commission's second ground of decision is sufficient to support its rejection of Henderson's counterproposal.

The Clerk is directed to withhold issuance of the mandate herein until seven

days after disposition of any timely petition for rehearing. *See* D.C. CIR. R. 41(a)(1).